United States Court of Appeals,
Fifth Circuit.

No. 92-4109.

Angel ROSADO and Mercedes M. Santos, Plaintiffs-Appellants,

v.

C.J. DETERS, et al., Defendants-Appellees.

Oct. 22, 1993.

Appeal from the United States District Court for the Western District of Louisiana.

Before REAVLEY, SMITH, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

The parents ("plaintiffs") of the decedent, Alberto Luis Rosado-Santos, brought the underlying 42 U.S.C. § 1983 (1988) action, claiming that law enforcement officials violated the decedent's substantive due process rights by engaging in a dangerous high-speed chase and establishing a roadblock. The plaintiffs also brought a diversity survival and wrongful death action, pursuant to La.Civ.Code Ann. arts. 2315, 2315.1, 2315.2 (West Supp.1993). After a jury trial, the district court dismissed all of the plaintiffs' claims with prejudice. Finding no merit to any of the plaintiffs' issues on appeal, we affirm.

I

On July 27, 1988, C.J. Deters, a Louisiana state trooper, observed the decedent leaving the parking lot of the Pussycat Lounge aboard a motorcycle. After observing the decedent violate various traffic laws, Deters activated his siren and lights in an attempt to get the decedent to pull over. When the decedent sped away, Deters gave chase. Deters then radioed for assistance from local law enforcement officials. Officer Benton of the City of DeRidder Police Department responded to the call by setting up a roadblock with his vehicle at the intersection of U.S. Highway 171 and La. Highway 3226.

Deters continued to chase the decedent on Highway 171, through the towns of Pickering and Rosepine, for a distance of about thirteen miles and at speeds ranging from 80 to 110 miles an hour.

The chase ended when the decedent hit the left rear of Benton's parked vehicle.[1] The decedent was thrown clear of his motorcycle and later died from his injuries.

The plaintiffs filed a § 1983 suit against Deters, Benton, and the City of DeRidder, claiming that the high-speed pursuit of the decedent and the establishment of the roadblock amounted to gross negligence and excessive use of force. The plaintiffs also filed a survival and wrongful death action under Louisiana law.[2] *See* La.Civ.Code Ann. arts. 2315, 2315.1, 2315.2. Deters filed a motion for summary judgment on all of the plaintiffs' claims against him, which the district court granted.[3] The action against Benton and the City of DeRidder proceeded to trial.[4]

At trial, the plaintiffs called Ken Katsaris, an expert on police procedures and training, to give his opinion regarding whether Benton backed his car into the decedent. The district court refused to admit this opinion testimony, based on its conclusion that Katsaris was not qualified as an accident reconstructionist. *See* Fed.R.Evid. 702 (concerning qualifications of expert witnesses).

The jury deliberated for approximately one and one-half hours before announcing to the district court that it was deadlocked. The jury was then given a special interrogatory form, which instructed the jury to answer interrogatory no. 1 first. That interrogatory asked: "Do you find by a preponderance of the evidence that at the time of impact, Robert L. Benton was backing up his [p]olice car into the path of Alberto Rosado's motorcycle?" In the event of a "No" answer, the jury

[1]The plaintiffs alleged that Benton intentionally backed his vehicle into the decedent.

[2]When the complaint was filed, the plaintiffs lived in Puerto Rico. Louisiana substantive law governs this diversity claim, as Louisiana is the forum state. *See Ideal Mut. Ins. Co. v. Last Days Evangelical Ass'n, Inc.,* 783 F.2d 1234, 1238 (5th Cir.1986) (applying substantive law of forum state to diversity claim).

[3]The magistrate judge, whose report and recommendations the district court adopted, stated that "[p]laintiffs have not shown any basis of liability on the part of Officer Deters for the alleged improper use of the roadblock. It is the opinion of the undersigned that Officer Deters was within the scope of his duty as a state trooper in pursuing the decedent who was engaged in improper and reckless use of a motorcycle at a high rate of speed." Record on Appeal vol. 3, at 336.

[4]In opposing motions for summary judgment filed on behalf of Benton and the City of DeRidder, the plaintiffs offered a photograph of the accident scene depicting two parallel "skid" marks on the road leading directly to the wheels of Benton's car. The district court concluded that this photograph created a genuine issue of material fact regarding whether Benton backed his car into the decedent.

was to "go to the end of the form, sign it, and return it to the Marshall [sic]."

The jury answered interrogatory no. 1 in the negative. Instead of proceeding to the end of the form, however, the jury also answered interrogatory no. 14, which asked: "Do you find, by a preponderance of the evidence, that Albert Rosado was also negligent and that his negligence was a legal cause of his death?" This interrogatory was also answered in the negative. Finding no irreconcilable conflict in the jury's answers, the district court entered judgment for Benton and the City of DeRidder.

The plaintiffs raise the following issues on appeal: (a) that the court erred in granting summary judgment for Deters, the state trooper who pursued the decedent; (b) that the court abused its discretion by refusing to allow Katsaris to give his opinion on whether Benton backed his car into the decedent; and (c) that the jury's answers to the special interrogatories were irreconcilable.

## II

## A

The plaintiffs first contend that the district court erred in granting summary judgment for Deters, on both their federal and state law causes of action. We review the district court's grant of a summary judgment motion de novo. *Davis v. Illinois Cent. R.R.,* 921 F.2d 616, 617-18 (5th Cir.1991). Summary judgment is appropriate if the record discloses "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25, 106 S.Ct. at 2553-54. While we must "review the facts drawing all inferences most favorable to the party opposing the motion," *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986), that party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

The plaintiffs based their § 1983 action against Deters in part upon their allegation that the roadblock amounted to the excessive use of force, in violation of the decedent's substantive due process rights.[5] Where an excessive force claim "arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons ... against unreasonable ... seizures' of the person." *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). In *Brower v. County of Inyo,* 489 U.S. 593, 597, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989), the Supreme Court held that a fleeing suspect is "seized" under the Fourth Amendment when he is stopped by an intentionally placed roadblock.[6] The plaintiffs, however, have not pointed to evidence in the summary judgment record suggesting that Deters knew of, or participated in, establishing the roadblock. The record shows that although Deters radioed for assistance from local law enforcement officials, he first knew of the roadblock when he saw Benton's vehicle, moments before the decedent crashed into it. Because Deters's pursuit alone cannot constitute a seizure,[7] we hold that Deters's conduct did not implicate the Fourth Amendment.

[5]In their complaint, the plaintiffs also alleged that Deters's pursuit itself, apart from the use of the roadblock, constituted "gross and wanton negligence" and therefore gave rise to a § 1983 claim. In opposing summary judgment, the plaintiffs only pursued their claim of excessive force in the use of the roadblock. They do the same on appeal. We therefore cannot consider their claim of gross and wanton negligence based upon only Deters's pursuit. *See Vaughner v. Pulito,* 804 F.2d 873, 877 n. 2 (5th Cir.1986) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal."); *Hobbs v. Blackburn,* 752 F.2d 1079, 1082 (5th Cir.), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985) (stating that matters neither cited as error nor briefed on appeal are considered abandoned).

[6]The Court in *Brower* further noted that " "[s]eizure' alone is not enough for § 1983 liability; the seizure must be "unreasonable.' " *See Brower,* 489 U.S. at 599, 109 S.Ct. at 1382.

[7]*See id.,* 489 U.S. at 597, 109 S.Ct. at 1381 (stating that no seizure occurs when pursuing police seek to stop the suspect "only by the show of authority represented by flashing lights and continuing pursuit" because suspect's freedom of movement not terminated); *Galas v. McKee,* 801 F.2d 200, 203 (6th Cir.1986) (holding that the high-speed pursuit of a traffic offender was not itself a seizure because there was no "restraint on the individual's freedom to leave[ ], accomplished by means of physical force or show of authority"); *see also California v. Hodari D.,* 499 U.S. 621, ----, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690 (1991) (holding that an arrest or seizure "requires *either* physical force ... *or,* where that is absent, *submission* to the assertion of authority").

Accordingly, summary judgment on the plaintiffs' federal cause of action based upon Deters's alleged excessive force was proper.

In their survival and wrongful death action under Louisiana law, the plaintiffs again claimed that Deters used excessive force in attempting to arrest the decedent.[8] Article 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La.Civ.Code Ann. art. 2315. " "Fault' as used in Article 2315 encompasses more than negligence. It is the breach of a duty owed by one party to another under particular circumstances of a given case." *Williams v. Louisiana Mach. Co., Inc.,* 387 So.2d 8, 11 (La.App. 3d Cir.1980). Because Deter's conduct occurred during the course of an attempted arrest, the applicable standard of care is one of reasonable force. *See* La.Code Crim.Proc.Ann. art. 220 (West 1991) ("The person making a lawful arrest may use reasonable force to effect the arrest...."); *see also Kyle v. City of New Orleans,* 353 So.2d 969, 973 (La.1977) (stating that "[w]hether the force used is reasonable depends upon the totality of the facts and circumstances in each case"). In opposing summary judgment on their excessive force claim, the plaintiffs argued that "Deters's speed prior to the collision and his distance from Rosado are material facts that are in dispute." Record on Appeal vol. 2, at 196j. We disagree. The summary judgment record shows that the only force used in attempting to arrest the decedent was the roadblock. As we have already pointed out, the record demonstrates that Deters did not know of the roadblock until moments before the collision. Consequently, the issues of Deters's speed and distance from the decedent—considered in isolation from the roadblock—are not material to the ultimate issue of excessive force. Because the plaintiffs have not set forth specific facts demonstrating a material issue regarding the reasonableness of the force exerted by Deters, we hold that summary judgment on the plaintiffs' state action based upon Deters's alleged excessive force was proper.

B

---

[8]In opposing summary judgment, Deters framed his survival and wrongful death action solely in terms of an excessive force claim. He does the same on appeal. Our discussion is therefore limited to deciding whether the plaintiffs raised a genuine issue of material fact concerning their claim of excessive force in the use of the roadblock. *See Vaughner,* 804 F.2d at 877 n. 2; *Hobbs,* 752 F.2d at 1082.

The plaintiffs next contend that the district court abused its discretion by not admitting Katsaris's expert testimony.  "A trial court's ruling regarding admissibility of expert testimony is protected by an ambit of discretion and must be sustained unless manifestly erroneous." *Christophersen v. Allied-Signal Corp.,* 939 F.2d 1106, 1109 (5th Cir.1991).  Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education,[9] may testify thereto in the form of an opinion or otherwise.

The district court refused to allow Katsaris to give his opinion on whether Benton backed his car into the decedent because the court concluded that Katsaris was not qualified as an accident reconstructionist.  The plaintiffs correctly concede that Katsaris's opinion on the location of Benton's car before and after the collision falls within the realm of accident reconstruction.  They argue, however, that the court erred in concluding that Katsaris was not qualified to testify in this area.  We disagree.  As the district court pointed out, Katsaris was last qualified as an accident reconstructionist in 1965.  Since that time, Katsaris had not taken any refresher courses.  Katsaris himself admitted that he could not independently establish the necessary physical and mathematical bases for his opinion.  Based on these facts evincing Katsaris's lack of scientific, technical, or other specialized knowledge in the area of accident reconstruction, we find no abuse of discretion in the district court's refusal to allow Katsaris to offer his expert opinion on whether Benton backed his car into the decedent.

C

Lastly, the plaintiffs contend that the jury's answers to the special interrogatories were irreconcilable, and therefore that the district court was not authorized to enter judgment for Benton and the City of DeRidder.  "If answers to jury interrogatories are in irreconcilable conflict, then the

---

[9]*See Peteet v. Dow Chem. Corp.,* 868 F.2d 1428, 1431 (5th Cir.1989) (stating that "district judges and appellate courts must carefully review the expert's testimony to ensure that the expert has the necessary qualifications and a sufficient basis for his opinion"); *In re Air Crash Disaster at New Orleans, Louisiana,* 795 F.2d 1230, 1234-35 (5th Cir.1986) ("Trial judges must be sensitive to the qualifications of persons claiming to be an expert."); *cf. Daubert v. Merrell Dow Pharmaceuticals, Inc.,* --- U.S. ----, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (stating that "Rule 702 ... clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify").

judge has no authority to enter judgment based upon those answers." *Brunner v. Maritime Overseas Corp.,* 779 F.2d 296, 297 (5th Cir.), *cert. denied,* 476 U.S. 1115, 106 S.Ct. 1971, 90 L.Ed.2d 655 (1986); *see also Fugitt v. Jones,* 549 F.2d 1001, 1005 (5th Cir.1977). The plaintiffs have not shown, and we cannot discern, how the jury's answers to the special interrogatories were in irreconcilable conflict. At most, the jury's answers indicate that Benton did not back his car into the decedent, either intentionally or negligently, and that the decedent was not himself negligent. These answers do not conflict as they reflect the jury's analysis of two independent and distinct matters: Benton's conduct and the decedent's conduct. Stated differently, the jury's finding that Benton did not back into the decedent did not preclude a finding that the decedent was not himself negligent.

The plaintiffs maintain that as a matter of law the jury had to assign fault to someone. We disagree. To render a verdict for the defendants, the jury need only have found that Benton did not back his car into the decedent.[10] Moreover, as the City of DeRidder points out, the jury may well have thought that the decedent's attempt to elude Benton's car constituted intentional or willful conduct. "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Harville v. Anchor-Wate Co.,* 663 F.2d 598, 604 (5th Cir.1981). Because the jury's answers to the special interrogatories were not in irreconcilable conflict, we hold that the district court had the authority to enter judgment for Benton and the City of DeRidder.

III

For the reasons set forth above, we AFFIRM.

---

[10]By approving the interrogatory form, the plaintiffs conceded that Benton's conduct was in all other respects reasonable.