UNUM LIFE INSURANCE COMPANY OF AMERICA Plaintiff,

v.

**Evelyn B. LONG Defendant.**

**No. 3–02–CV–0031–BD.**

United States District Court, N.D. Texas, Dallas Division.

Oct. 16, 2002.

Doug K. Butler, Bill E. Davidoff, Figari Davenport & Graves, Dallas, TX, for Plaintiff.

Evelyn B. Long, Mesquite, TX, Pro se.

## MEMORANDUM OPINION AND ORDER

KAPLAN, United States Magistrate Judge.

Plaintiff UNUM Life Insurance Company of America ("UNUM") has filed a motion for summary judgment in this ERISA case to recover the overpayment of disability benefits. For the reasons stated herein, the motion is granted.

### I.

Evelyn Long was a participant in an employee welfare benefit plan maintained by her employer, Texas Oncology, P.A. One of the benefits offered to participants of the plan was a long-term disability insurance policy issued by UNUM. (Plf. Compl. at 2, ¶ 5; Plf.App. at 2, ¶ 2). Under this policy, a disabled employee is entitled to receive 60% of her basic monthly earnings, less "other income benefits," but in no event less than $100.00 per month. (Plf.App. at 9, ¶ 2). The term "other income benefits" is defined by the policy to include "[t]he amount of disability or retirement benefits under the United States Social Security Act." (*Id.* at 21, ¶ 5). The policy allows UNUM to estimate the monthly social security benefit and deduct it from the monthly disability benefit, unless the insured "promises to repay [UNUM] any overpayment caused by an award [of social security benefits]." (*Id.* at 22).

On March 8, 1999, Long filed a claim for disability benefits due to a back injury sustained in October 1998. (*Id.* at 34–46). UNUM approved the claim and agreed to pay Long 60% of her basic monthly earnings, or $769.00 per month, effective January 22, 1999. (*Id.* at 48–49).[1] Before receiving her first payment, Long signed a repayment agreement. This agreement provides, in pertinent part:

> Please pay me a monthly benefit with no reduction for estimated Social Security benefits until Social Security makes a decision. This will result in an overpayment by **UNUM**. I will supply **UNUM** with a copy of the Social Security decision and **repay any overpayment in full within 30 days from receipt of the Social Security award check.** Additionally, if Social Security makes an award, UNUM will reduce my monthly policy benefit by the amount of Social Security benefits I (and my spouse and family, if applicable) receive according to the policy provisions . . .
>
> I have already applied for Social Security benefits. A copy of Social Security's receipt of application is attached.
>
> **I AGREE TO REIMBURSE UNUM IMMEDIATELY IN FULL FOR THE AMOUNT OF ANY OVERPAYMENT REGARDLESS OF OPTION CHOSEN.**

(*Id.* at 50) (emphasis in original).

From January 22, 1999 through August 21, 2000, Long received a total of $14,611.00 in disability benefits from UNUM. (*Id.* at 4, ¶ 9). She also began collecting $1,001.00 in monthly social security benefits in February 1999. (*Id.* at 5, ¶ 11 & 52). Because her monthly social security benefit was more than her monthly disability benefit, Long was only entitled to receive the minimum payment of $100.00 per month under the UNUM policy. By letter dated September 12, 2000, UNUM notified Long that her receipt of social security benefits had resulted in an overpayment of disability benefits and demanded reimbursement in the amount of $12,510.30. (*Id.* at 53). Long ignored this demand. Thereafter, UNUM stopped making payments under the policy and sued Long in federal district court for breach of the repayment agreement and unjust enrichment. (*Id.* at 6, ¶¶ 14–16; Plf. Compl. at 5, ¶¶ 8 & 9).

UNUM now moves for summary judgment. By order dated August 26, 2002, the court *sua sponte* questioned whether it had subject matter jurisdiction over this action in light of the Supreme Court's decision in *Great–West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). The parties have been given an opportunity to brief the issues and this matter is ripe for determination.[2] The court will address the jurisdictional issue first.

## II.

UNUM contends that federal jurisdiction is proper under the ERISA statute, 29 U.S.C. § 1132(e)(1), and the statute conferring jurisdiction over cases arising under federal law, 28 U.S.C. § 1331. (Plf. Compl. at 2, ¶ 3). The court will analyze

---

1. Long earned $1,282.39 per month as a licensed vocational nurse for Texas Oncology. Sixty percent of this sum is $769.00. (Plf.App. at 4, ¶ 9). Because the disability policy contains a 90–day "elimination period," Long did not begin receiving benefits until 90 days after the first day of her disability. (*Id.* at 10, ¶ 4 & 14).

2. UNUM filed a brief in response to the court's jurisdictional query. Long, who is appearing *pro se*, has neither briefed the issue of subject matter jurisdiction nor filed a response to UNUM's motion for summary judgment.

jurisdiction under these statutes with respect to the claims alleged by UNUM in its complaint.

### A.

■ Federal courts have exclusive jurisdiction of most civil actions brought by participants, beneficiaries, or fiduciaries to recover benefits, obtain equitable relief, or redress violations of the ERISA laws. 29 U.S.C. § 1132(e)(1).[3] UNUM, who qualifies as a fiduciary because it has the authority to accept or reject claims filed by ERISA plan participants, brings this action to recover overpayments allegedly made to Long by virtue of her receipt of social security benefits. According to UNUM, such an action is authorized by section 502(a)(3) of ERISA, which provides, in pertinent part:

A civil action may be brought—

by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

*Id.* § 1132(a)(3). UNUM does not seek to enjoin any act or practice which violates ERISA. Instead, it characterizes the nature of its claims against Long as "other appropriate equitable relief."

In *Great–West*, the Supreme Court had occasion to determine whether an action to recover the overpayment of benefits under the reimbursement provision of an insurance policy qualified as "equitable relief" under section 502(a)(3) of ERISA. The beneficiary in that case, Janette Knudson,

sustained serious injuries and incurred significant medical expenses as a result of an automobile accident. Her insurance company, Great–West, paid more than $330,000.00 in medical expenses under the terms of a "stop-loss" agreement with the plan. The agreement contained a reimbursement provision which gave the plan " 'the right to recover from the [beneficiary] any payment for benefits' paid by the Plan that the beneficiary is entitled to recover from a third party." *Great–West*, 122 S.Ct. at 711. After these benefits were paid, Knudson filed a tort action against Hyundai Motor Company and others in state court. The case settled for $650,000.00, but only $13,828.70 was allocated to satisfy Great–West's reimbursement claim. *Id.* Great–West then filed suit in federal district court under section 502(a)(3) of ERISA to enforce the reimbursement provision of the plan and recover all monies advanced to Knudson. The Supreme Court held that such a claim did not qualify as an action "to obtain other appropriate equitable relief" under the ERISA statute. *Id.* at 711. *See also Mertens v. Hewitt Associates*, 508 U.S. 248, 256, 113 S.Ct. 2063, 2069, 124 L.Ed.2d 161 (1993) (the term "equitable relief" in section 502(a)(3) refers to "those categories of relief that were *typically* available in equity") (emphasis in original). Instead:

[P]etitioners seek, in essence, to impose personal liability on respondents for a contractual obligation to pay money— relief that was not typically available in equity. "A claim for money due and owing under a contract is *'quintessentially'* an action at law." (Citation omitted). "Almost invariably . . . suits seek-

---

**3.** State courts and federal courts have concurrent jurisdiction of actions brought by: (1) participants or beneficiaries to recover benefits due under an ERISA plan or to clarify the right to receive future benefits; and (2) a

State to enforce compliance with a qualified medical child support order. *See* 29 U.S.C. § 1132(e)(1). Neither exception is applicable to this case.

ing (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." (Citation omitted). And "[m]oney damages are, of course, the classic form of *legal* relief." (Citation omitted).

*Id.* at 712–13 (emphasis in original). *See also Bauhaus USA, Inc. v. Copeland,* 292 F.3d 439, 445 (5th Cir.2002) (holding that *Great–West* precludes declaratory judgment action by administrator of ERISA plan against beneficiary to enforce terms of reimbursement provision).

In its letter brief, UNUM tacitly concedes that *Great–West* "forecloses [its] right to assert a private cause of action *directly* under ERISA for reimbursement of the overpayment to Long[.]" (Ltr. Br. at 2) (emphasis in original). However, UNUM maintains it still is entitled to pursue a claim for unjust enrichment under federal common law.

### B.

█ Federal district courts also have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. UNUM argues that jurisdiction is proper under this statute because federal common law allows a claim for unjust enrichment or restitution to recover overpayments made to an ERISA plan beneficiary.

The Fifth Circuit has recognized that a federal common law right of restitution is available under ERISA to recover the overpayment of benefits. In *Jamail, Inc. v. Carpenters District Council of Houston Pension & Welfare Trusts,* 954 F.2d 299 (5th Cir.1992), the court explained:

Both the legislative history and the case law pursuant to ERISA validate our application of federal common law to ERISA. The legislative history explains that due to the broad preemption provisions, "a body of Federal substantive law will be developed by the courts to deal with issues involving rights and obligations under private welfare and pension plans." (Citation omitted). The case law pertaining to ERISA also supports the application of common law to the statute. We have recently said: "Congress intended that federal courts should create federal common law when adjudicating disputes regarding ERISA." (Citation omitted).

*Id.* at 303, *citing Rodrigue v. Western & Southern Life Insurance Co.,* 948 F.2d 969, 971 (5th Cir.1991). The creation of such a remedy furthers the goals of ERISA by promoting the prompt payment of claims. *See id.* at 305, *citing Provident Life & Accident Insurance Co. v. Waller,* 906 F.2d 985, 990 (4th Cir.), *cert. denied,* 498 U.S. 982, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990). If an insurer or fiduciary cannot sue for the restitution of overpayments, "they are likely to delay payment to the [beneficiary] until they can calculate accurately the precise amount they owe." *Id.* at 304. It also could lead to the elimination of the policy provision that allows an insured to receive the full amount of disability benefits, with no reduction for estimated social security benefits, until social security benefits have been awarded. "Allowing an insured to forego a reduction in payments if he promises to repay any overpayment should be encouraged because it provides him with his full entitlement earlier than he would otherwise receive it." *UNUM Life Insurance Co. of America v. White,* No. MO–01–CA–128, op. at 3 n.3 (W.D.Tex. Apr. 17, 2002). Other courts have cited similar policy considerations in recognizing a common law claim for restitution or unjust enrichment

to recover overpayments to an ERISA plan beneficiary. *See, e.g. Heller v. Fortis Benefits Insurance Co.,* 142 F.3d 487, 495 (D.C.Cir.), *cert. denied,* 525 U.S. 930, 119 S.Ct. 337, 142 L.Ed.2d 278 (1998) (holding that unjust enrichment claim was available under ERISA to recover disability benefits wrongfully paid to beneficiary); *Waller,* 906 F.2d at 990 (recognizing federal common law right to recover funds advanced to plan participant); *Plucinski v. I.A.M. National Pension Fund,* 875 F.2d 1052, 1058 (3d Cir.1989) ("[I]f we did not recognize this cause of action it could lead to severely inequitable results that we do not believe were intended by Congress.").

Nothing in *Great–West,* which involved only statutory claims brought under section 502(a)(3) of ERISA, precludes an insurer from enforcing its rights through traditional common law remedies. Because UNUM has alleged a claim for unjust enrichment under federal common law, jurisdiction is proper under 28 U.S.C. § 1331. *See Provident Life and Accident Insurance Co. v. Cohen,* 193 F.Supp.2d 845, 851–52 n. 4 (D.Md.2002).

### III.

■ UNUM seeks summary judgment with respect to its claim that "Long has been unjustly enriched by keeping benefits beyond those to which she was entitled." (Plf. Compl. at 5, ¶ 9). When a party with the burden of proof seeks summary judgment on a claim or affirmative defense, he must establish "beyond peradventure all of the essential elements of the claim or defense." *Bank One, Texas, N.A. v. Prudential Insurance Co. of America,* 878 F.Supp. 943, 962 (N.D.Tex.1995) (citation omitted). The burden then shifts to the nonmovant to demonstrate the existence of a genuine issue of material fact for trial. *See Duckett v. City of Cedar Park, Texas,* 950 F.2d 272, 276 (5th Cir.1992). The parties may satisfy their respective burdens by tendering depositions, affidavits,

and other competent evidence. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters,* 5 F.3d 119, 122 (5th Cir.1993).

■ Long has not responded to UNUM's motion for summary judgment. Although the court may not enter a "default" summary judgment, it may accept the evidence submitted by UNUM as undisputed. *See Bookman v. Shubzda,* 945 F.Supp. 999, 1002 (N.D.Tex.1996). Here, the evidence conclusively establishes UNUM's right to recover overpayments to Long under a theory of unjust enrichment. The long-term disability policy unambiguously provides that "[t]he monthly benefit will be reduced by the estimated amount [of social security benefits]." (Plf.App. at 22). Long elected to receive the full amount of monthly benefits during the pendency of her social security claim and promised to "reimburse UNUM immediately for the full amount of any overpayment." (*Id.* at 50). From January 22, 1999 through August 21, 2000, Long received $769.00 per month in disability benefits from UNUM, for a total of $14,611.00. (*Id.* at 4, ¶ 9). She began collecting $1,001.00 in monthly social security benefits in February 1999. (*Id.* at 5, ¶ 11 & 52). This resulted in an overpayment of $12,510.30 as of August 21, 2000. (*Id.* at 5, ¶ 12). Since Long is still entitled to receive minimum monthly payments under the UNUM policy, the amount of the overpayment has been reduced by $100.00 per month. As of May 31, 2002, Long owed UNUM the sum of $10,810.30. (*Id.* at 6, ¶ 17).

The court concludes, as a matter of law, that UNUM had a reasonable expectation to be reimbursed for overpayments made to Long as a result of her receipt of social security benefits. By signing the repay-

ment agreement, Long was clearly aware of her obligation to reimburse her insurance company. The interests of society, as reflected by the goals of ERISA and efficient plan administration, would be served by allowing UNUM to recoup this overpayment. Accordingly, UNUM is entitled to summary judgment on its unjust enrichment claim. *See Waller*, 906 F.2d at 993–94, *citing* C. KAUFMAN, CORBIN ON CONTRACTS § 19A at 50 (Supp.1989) (reciting elements of unjust enrichment under federal common law).

## CONCLUSION

UNUM's motion for summary judgment is granted. By separate order, the court will enter judgment in favor of UNUM in the amount of $10,810.30, together with pre-judgment, post-judgment interest, and taxable court costs.[4] UNUM shall provide the court with the proper calculation of pre-judgment interest by *October 23, 2002.*

---

4. UNUM also seeks reasonable and necessary attorney's fees under 29 U.S.C. § 1132(a)(3) or, alternatively, Tex. Civ. Prac. & Rem.Code § 38.001. (Plf. Compl. at 5, ¶ 10). However, neither statute authorizes the recovery of attorney's fees on a federal common law claim for restitution or unjust enrichment.