**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1232
_____

ARIF SARKER,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A206-498-043)
Immigration Judge: Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 11, 2018
_____

Before:  JORDAN, VANASKIE, and NYGAARD, *Circuit Judges*

(Filed: December 28, 2018)
_____

OPINION*
_____

VANASKIE, *Circuit Judge.*

    Arif Sarker petitions for review of a final order of review issued by the Board of

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Immigration Appeals ("BIA" or "Board"). For the reasons that follow, we will deny the petition for review.

I.

Sarker, a native and citizen of Bangladesh, arrived in the United States in March 2014. Sarker was thereafter served with a Notice to Appear, charging him with removability under the Immigration & Nationality Act ("INA") § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), for not being in possession of a valid entry document. In November 2014, he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), predicated on his claim that he had been persecuted for his involvement in the Bangladesh Nationalist Party ("BNP"). An asylum officer found that Sarker demonstrated a credible fear of persecution or torture, and referred his application to an immigration judge ("IJ") for further proceedings. Sarker conceded removability and renewed his application for asylum and related relief.

At his administrative hearing, Sarker testified that since 1999 he has been a member of the BNP, which is in opposition to the current ruling party of Bangladesh, the Awami League. Sarker claimed that he was first approached by members of the Awami League in his home town of Comilla, Bangladesh, in January 2013, when two men asked him to join the Awami League and he refused. Sarker testified that his refusal to join the Awami League angered the men, and that he was assaulted and intimidated by members of the Awami League in Comilla on multiple occasions because of his refusal to join the party. Sarker made arrangements to leave Bangladesh following these incidents, and

2

stayed at his aunt's house in Dhaka until he could leave the country.

The IJ was unable to conclude, based on the evidence presented, that Sarker suffered past persecution on account of his political opinion or that he would be persecuted upon his return to Bangladesh. In addition, the IJ determined that Sarker has the opportunity to safely relocate to a different city in Bangladesh. The IJ denied each of Sarker's applications for relief and ordered him removed to Bangladesh.

Sarker appealed the IJ's ruling to the BIA and, in a January 2018 decision, the BIA dismissed his appeal. The BIA agreed with the IJ's finding that Sarker failed to establish that he suffered past persecution. Additionally, the BIA agreed that Sarker had not met his burden of establishing a well-founded fear of future persecution. In particular, the BIA noted that Sarker stayed in Dhaka before leaving the country and was not harmed there, and so concluded that he could relocate within Bangladesh without further harm. The BIA accordingly agreed with the IJ's conclusion that Sarker did not satisfy the burden of proof required for asylum and withholding of removal. The BIA further found that Sarker failed to demonstrate a clear probability that he would be tortured upon his return to Bangladesh, considering the finding that Sarker could safely relocate within Bangladesh and avoid detection by members of the Awami League. The BIA therefore agreed with the IJ's determination that Sarker was not eligible for CAT relief. Sarker filed a timely petition for review.

## II.

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a). We "accept factual findings if supported by substantial evidence," meaning

3

we must "uphold the agency's determination unless the evidence would compel any reasonable fact finder to reach a contrary result." *Sesay v. Att'y Gen.*, 787 F.3d 215, 220 (3d Cir. 2015) (citation omitted). Although we review the BIA's decision, we also consider the IJ's opinion "where the BIA has substantially relied on that opinion." *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009), as amended (Nov. 4, 2009).

III.

Section 208 of the INA gives the Attorney General discretion to grant asylum to a removable alien who qualifies as a "refugee." 8 U.S.C. § 1158(a). The term "refugee" is defined by statute, in relevant part, as any person who is unable or unwilling to return to their country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a). We have defined persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Camara*, 580 F.3d at 202 (3d Cir. 2009) (citation omitted). "Importantly, the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Id.* (internal quotation marks omitted).

Sarker argues on appeal that the BIA erred in affirming the IJ's determination that he failed to demonstrate a well-founded fear of future persecution. We disagree.

"An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under the circumstances it would be reasonable to expect the applicant

4

to do so." 8 C.F.R. § 1208.13(b)(2)(ii). Substantial evidence supports the finding that Sarker would be able to reasonably and safely relocate within Bangladesh. In this regard, it is significant that Sarker is not a prominent or well-known member of the BNP and was able to remain safely in Dhaka for a time before departing for the United States.

Sarker's argument that the IJ's finding directly contradicts certain record evidence—including accounts of threats made against Sarker's family, that Sarker's father remains in hiding, that Sarker only stayed in Dhaka for a short time, that the Awami League is the current ruling party in Bangladesh, and that politically motivated killings continue—is unavailing. Although this evidence was potentially probative of future persecution, the IJ was entitled to discredit any portion of it. The IJ was further entitled to weigh it against the other evidence presented. So long as the IJ's ultimate finding was supported by substantial evidence, we will not disturb it on the basis of contrary evidence in the record.[1]

Sarker also argues that he should have been granted withholding of removal and relief under the CAT. However, because Sarker did not satisfy the requirements for asylum, he cannot meet those for withholding of removal. *See Mulanga v. Ashcroft*, 349

---

[1] Sarker also argues on appeal that the BIA erred in affirming the IJ's finding that he failed to demonstrate past persecution. However, even assuming that Sarker demonstrated that he suffered past persecution, the finding that he could reasonably and safely relocate in Bangladesh is dispositive of his claim. *See* 8 C.F.R. § 1208.13(b)(1)(i) (specifying that an IJ "shall deny the asylum application of an alien found to be a refugee on the basis of past persecution if any of the following is found by a preponderance of the evidence: . . . (B) The applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so."). Accordingly, we do not address the issue of past persecution.

F.3d 123, 132 (3d Cir. 2003) (an alien who fails to demonstrate well-founded fear of future persecution for purposes of asylum cannot overcome the standard for withholding of removal). Nor has he demonstrated eligibility for protection pursuant to the CAT by showing that, upon his return to Bangladesh, he is likely to suffer "severe pain and suffering" inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir.2002) (citing 8 C.F.R. § 208.18(a)(1)). As noted by the BIA, evidence that Sarker could relocate to a part of Bangladesh where he is not likely to be tortured is relevant to his eligibility under the CAT. *See* 8 C.F.R. § 1208.16(c)(3)(ii). As with the finding on Sarker's eligibility for asylum, evidence that Sarker was able to remain safely in Dhaka before departing for the United States, as well as the unlikelihood that Sarker would be singled out as a member of the BNP in Dhaka, provide substantial evidence supporting the agency's finding on Sarker's claim under the CAT.

Accordingly, we will deny the petition for review.