# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2009

No. 08-20641
Summary Calendar

Charles R. Fulbruge III
Clerk

SENETRA CARTER

Plaintiff-Appellant

v.

NATIONWIDE MUTUAL INSURANCE COMPANY; NATIONWIDE
HEALTH CARE PLAN

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-557

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Senetra Carter appeals the district court's grant of summary judgment to her employer, Nationwide Mutual Insurance Company ("Nationwide"), and to the Nationwide Health Care Plan ("Plan") in this disability benefits case arising under the Employee Retirement Income Security Act. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carter was employed by Nationwide in a secretarial position. The Plan paid her long-term disability benefits for fourteen months after she stopped working. It then terminated the benefits after deciding that Carter no longer qualified as disabled. This decision was based on a review of Carter's medical records and several examinations performed by independent physicians.

Carter's principal argument on appeal is that the Plan abused its discretion in making this determination, primarily in its weighing of evaluations by her personal physicians versus those of the independent doctors. She also argues that a recent Supreme Court decision has changed the law such that closer scrutiny of the benefits decision in this case is required. *See Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008).

Essentially for the reasons explained by the district court in its initial opinion, we conclude that no abuse of discretion has been shown. *Glenn* was decided after the district court's initial order. The district court issued a subsequent opinion finding that *Glenn* made no significant change to the standard of review. Decision from this court after *Glenn* have not answered all the questions the new decision poses for the "sliding scale" standard of deference previously employed by this circuit. It is clear, though, that *Glenn* requires no more than that a potential conflict of interest must be considered as one factor among many in assessing whether an abuse of discretion occurred. It does not require *de novo* review of claim denials. *See Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 925 (5th Cir. 2008).

This is not a case where the other considerations are in such complete equipoise that we must use the conflict as a "tiebreaker" to determine whether there was an abuse of discretion. *Glenn*, 128 S. Ct. at 2351. The issue was not whether Carter suffered from any pain or physical symptoms, but whether she was disabled from working as defined by her policy. The Plan was under no burden to "accord special weight to the opinions of" Carter's personal physicians,

2

nor was there "any discrete burden of explanation when [the Plan] credit[ed] reliable evidence" from the multiple independent evaluations that conflicted with Carter's preferred evidence. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003).

Carter has not shown that the district court committed any error. Accordingly, its judgment is AFFIRMED.