# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2010

No. 09-11202
Summary Calendar

Lyle W. Cayce
Clerk

ENCLAVE ARLINGTON ASSOCIATES LIMITED PARTNERSHIP,

Plaintiff - Appellant

v.

CITY OF ARLINGTON, TEXAS,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-155

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Enclave Arlington Associates Limited Partnership ("Enclave") appeals the district court's grant of summary judgment dismissing its Fourth Amendment claim against the City of Arlington ("the City") and appeals the district court's denial of its motion for a continuance.  For the following reasons, we **AFFIRM.**

## FACTS AND PROCEEDINGS

In 2004, the City entered into an agreement with the Dallas Cowboys

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Football Club ("Cowboys") whereby the City would become the owner of a newly constructed sports stadium, leased by the Cowboys. Because stadium events were expected to substantially impact traffic in the surrounding area, prior to the stadium's opening in 2009, the Cowboys submitted a proposed traffic management plan ("TMP") to the City. The City reviewed and modified the Cowboys' proposed TMP before approving it.

Next to the Cowboys' stadium is a three-hundred-and-forty-eight unit apartment complex owned by Enclave. The entrance to the Enclave complex is on Randol Mill Road, which lies between the Enclave complex and the stadium. Legends Way intersects Randol Mill Road on the east side of the Enclave complex. Due to the large number of pedestrians that converge at the corner of Legends Way and Randol Mill Road during events, the TMP limits vehicular access to Randol Mill Road and other streets around the stadium. The TMP allows an individual to access the Enclave complex by placing a "hang tag" in the car or by informing a police officer on duty that the Enclave complex is his or her destination. Some residents have reported delays when attempting to enter or leave the Enclave complex during events and some have complained about traffic and noise.

In a lawsuit filed against the City, Enclave alleged a substantive due process violation pursuant to 42 U.S.C. § 1983, an unreasonable seizure in violation of the Fourth Amendment, regulatory and physical takings in violation of the Fifth Amendment, and a private nuisance claim. It also requested preliminary and permanent injunctions. After a hearing, the district court denied Enclave's request for a preliminary injunction. On July 24, 2009, the City filed for summary judgment.  Enclave filed two successive motions for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, which the district court granted. Subsequently, Enclave filed a third Rule 56(f)

motion requesting an additional thirty days to respond, which the district court denied in part, allowing only a fifteen-day continuance. After receiving Enclave's opposition, the district court granted summary judgment in favor of the City.

## DISCUSSION

### A. Summary Judgment

"We review the district court's grant of summary judgment *de novo*." *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).

#### i. *Enclave's Fourth Amendment Claim*

The Fourth Amendment, made applicable to the States by the Fourteenth Amendment, *Ker v. California*, 374 U.S. 23, 30 (1963), provides in relevant part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.  The Fourth Amendment applies to civil as well as criminal seizures. *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009). A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984); *Soldal v. Cook County*, 506 U.S. 56, 61 (1992). Only if a court concludes that a seizure has occurred will it then consider the seizure's reasonableness, a determination requiring "a careful balancing of governmental and private interests." *Soldal*, 506 U.S. at 71; *Freeman v. City of Dallas*, 242 F.3d 642, 649 (5th Cir. 2001).

Enclave contends that the district court applied an incorrect standard of law by requiring a physical dispossession of Enclave's property, rather than

considering whether the City's actions amounted to "meaningful interference with [Enclave's] possessory interests in that property." *See Jacobsen*, 466 U.S. at 113; *see also Thomas v. Cohen*, 304 F.3d 563, 572 (6th Cir. 2002) ("[A]n act [need not] embody physical displacement of property in order to constitute a seizure within the meaning of the Fourth Amendment."). However, the district court applied the correct standard of law, recognizing that "[w]hile complete 'dispossession' may not be required . . . [Enclave] has failed to establish any seizure that meaningfully interfered with its possessory interests." *Enclave Arlington Assoc. Ltd. P'ship v. City of Arlington*, 669 F. Supp. 2d 735, 740–41 (N.D. Tex. 2009).

According to Enclave, the City effected a seizure by denying residents access to and from the Enclave complex during stadium events. However, "Fourth Amendment rights are personal rights, which may be enforced only by the person whose rights were infringed." *United States v. Pack*, 612 F.3d 341, 341 (5th Cir. 2010) (citation omitted); *see also Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.' ") (citations omitted); *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 195 n.5 (5th Cir. 2009) (holding that a nightclub did not have standing to assert Fourth Amendment rights on behalf of its patrons)*; San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 704 (5th Cir. 1991) ("Because the record in this case is devoid of any evidence that [the plaintiff] was personally subjected to an illegal search or seizure, [the plaintiff] has no standing to assert the rights of third parties who may have been subjected to such searches or seizures while at [the plaintiff's store]."). Enclave may not assert a Fourth Amendment claim based on the rights of third parties.

Citing *Gonzalez v. City Plan Commission*, 2006 WL 278985, at *3 (N.D.

Tex. Feb. 3, 2006), for the proposition that "[c]ourts have found seizures when personal property has been destroyed or devalued by state action," Enclave alleges that the City's actions amount to "meaningful interference" with Enclave's possessory interests because its property has been devalued by the City's actions. *Gonzalez*, an unpublished case from the Northern District of Texas, is not binding precedent. Moreover, Enclave failed to direct the court to summary judgment evidence showing that its property has been devalued as a result of the City's actions. Although Enclave has presented evidence showing that six residents filed "Notices of Intent to Move Out," citing traffic as a reason for their move, it has not presented evidence raising an issue of material fact that the loss of six residents in a three-hundred-and-forty-eight unit apartment complex amounted to a devaluation of its property.

Further, Enclave alleges that the City's actions have meaningfully interfered with its "use and enjoyment" of the property due to the "tens of thousands of pedestrians and vehicles" that pass near the Enclave complex on event days, the "partying" and "loud and boisterous conduct" in the stadium parking lot, and the noise caused by stadium events. Enclave fails to cite any authority supporting its contention that these inconveniences amount to a seizure under the Fourth Amendment. Because Enclave has failed to demonstrate a genuine issue of material fact on its Fourth Amendment claim, the district court's grant of summary judgment is **AFFIRMED.**

ii. *Enclave's Remaining Claims*

In its opening brief, Enclave did not state that it was appealing the district court's grant of summary judgment on its Fifth Amendment, §1983, and private nuisance claims. Although Enclave averred in its reply brief that it was not waiving these claims and was appealing the entirety of the district court's order granting summary judgment, it offered no argument or discussion as to the

merit of these claims. "A party waives an issue if he fails to adequately brief it on appeal." *Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 926 (5th Cir. 2008) (citation omitted); *see also Edwards v. Johnson*, 209 F.3d 772, 776 n.1 (5th Cir. 2000) (holding that if petitioner does not assign error to certain findings of the district court in its initial brief on appeal, then "any challenge to these findings has been abandoned on appeal"). "Merely mentioning a claim does not constitute a supported argument or adequate briefing." *Sanders*, 553 F.3d at 926. Enclave has waived these claims and the district court's judgment as to Enclave's Fifth Amendment, §1983, and private nuisance claims is **AFFIRMED**.

### B. Rule 56(f) Motion

This court next determines whether the district court erred when it denied Enclave's third request for a thirty-day continuance and merely allowed Enclave a fifteen-day continuance. The denial of a Rule 56(f) motion is reviewed for abuse of discretion. *Stearns Airport Equip. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999). The party seeking Rule 56(f) relief "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). A request to stay summary judgment under Rule 56(f) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quoting *C.B. Trucking, Inc. v. Waste Mgmt Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

In its third Rule 56(f) motion, Enclave stated that it sought "limited depositions of certain representatives of the City and Dallas Cowboys." The motion did not state the names of the individuals it wanted to depose, what the depositions might reveal, or how that evidence would impact the outcome of the

pending summary judgment motion. During a hearing conducted by the district court via telephone, Enclave's attorney stated that additional time for discovery was necessary to identify evidence that would demonstrate that the Dallas Cowboys "dictat[ed] [to the City] the process of which properties to condemn [and] . . . the process of the traffic flow plan." In response, the City, through counsel, informed the district court that it was not aware of any documents that indicated that the Cowboys were controlling the City's decision making. Enclave's Rule 56(f) motion and representations to the district court consisted of vague assertions. The district court did not abuse its discretion in granting Enclave a fifteen-day, rather than a thirty-day, continuance, and we **AFFIRM.**

## CONCLUSION

The district court's grant of summary judgment in favor of the City and its partial denial of Enclave's Rule 56(f) motion are **AFFIRMED.**