# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2011

No. 10-20677
Summary Calendar

Lyle W. Cayce
Clerk

OSCAR AVINA,

Plaintiff - Appellant

v.

JP MORGAN CHASE BANK, N.A.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1885

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Oscar Avina ("Avina") appeals the district court's decision granting JP Morgan Chase Bank, N.A.'s ("Chase") motion for summary judgment on Avina's claims that Chase unlawfully discriminated against him based on sex and disability.[1]   Avina argues that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Avina also alleged that Chase discriminated against him based on age and national origin, retaliated against him for filing a charge with the Equal Employment Opportunity Commission ("EEOC"), and violated the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001 *et seq.*  Avina did not appeal the dismissal his ERISA claims and, as discussed below,

No. 10-20677

finding that he failed to set out a prima facie case of sex discrimination and that even if he did set out a prima facie case, Avina could not raise a fact issue showing that Chase's legitimate, non-discriminatory reasons for terminating him were a pretext for unlawful discrimination. For the reasons set forth below, we conclude that the district court's judgment must be AFFIRMED.

## I. FACTS AND PROCEDURAL HISTORY

Chase hired Avina in 1990, and Avina worked for Chase without incident until 2004, when he began working as a commercial loan operator in the Commercial Loan Services ("CLS") department. Avina was the only male employee out of ten commercial loan operators in the CLS department, and Alma Trujillo ("Trujillo") was his supervisor. According to Avina, Trujillo harassed him and treated him differently from the other female employees. His complaint alleged that Trujillo was "more rude, mean, distant, and unprofessional" in her interactions with him than in her interactions with his female co-workers. For example, she allegedly failed to provide him with the same kind of training that she provided for the female employees; she gave him more onerous work assignments; and she would not allow him to leave work to attend college classes unless he "finished his work," despite the fact that she allowed another female employee to leave work to attend college classes.

In his deposition, however, Avina admitted that he was never disciplined or issued a written warning for his job performance. Additionally, he did not know whether the female employees had more onerous work assignments that he did, and he did not know whether one of his female co-workers was required

---

waived any arguments he may have had on his age, national origin, and retaliation claims by failing to brief them.

No. 10-20677

to finish her work before leaving to attend college classes. Finally, when asked why Trujillo treated him differently from other employees, Avina answered that he did not know. Avina complained to management several times about the way Trujillo treated him, and he alleged that management did nothing to remedy the situation.

In October 2006, Chase eliminated all of the positions within the CLS department, and several female employees within the group lost their jobs; however, Avina retained his job and moved to the Special Credits department. Avina's supervisor in this department was Rosemary Everitt ("Everitt"). Avina alleged that the discriminatory treatment continued under Everitt's supervision. Specifically, she allegedly refused to specify what his responsibilities were in his new position, yelled at Avina for failing to process orders after she told him not to process them, and kept a file documenting his mistakes. Avina admitted that although Everitt documented his mistakes in a file, she kept a similar file on a female employee. Avina also reported Everitt's alleged harassment to management, but he continued to feel as though Everitt treated him differently.

On December 1, 2006, Avina left work for medical reasons and did not return. He experienced chest pains and shoulder pain allegedly resulting from stress about how he was treated at work, and his doctor diagnosed him with depression and panic disorder. After visiting the doctor, Avina applied for short-term disability benefits and requested leave under the Family and Medical Leave Act ("FMLA"). Chase granted his FMLA request but denied the short-term disability request, indicating that Avina failed to provide sufficient medical information concerning his treatment to support a finding that he was unable to work. Avina's doctor indicated that he could return to work on

3

February 5, 2007.

Chase contacted Avina prior to February 4, 2007 to discuss when Avina would return to his job. After Avina indicated that he would not return, Chase sent him a letter stating that his employment would be terminated on February 27, 2007 unless he returned to work. Avina did not do so, and Chase terminated his employment on February 27, 2007.

Avina filed a charge with the EEOC on February 5, 2007, alleging that Trujillo treated him differently from his female co-workers and that the verbal harassment continued under his new supervisor (Everitt) after he changed departments. The charge alleged that he had "been discriminated against because of [his] sex, male, and subjected to retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended." On April 11, 2007, he amended his charge to include "allegations of discrimination based on my disability," but the charge stated that the discrimination arose under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.* ("Title VII").[2]

Avina filed suit in federal district court on June 12, 2008, alleging violations of Title VII and ERISA.[3] His complaint alleged that Chase discriminated against him on the basis of national origin, sex, age, and disability.[4] The district court granted Chase's motion for summary judgment on

---

[2] As the district court properly noted, discrimination based on a disability is not actionable under Title VII. *See Washburn v. Harvey*, 504 F.3d 505, 509 (5th Cir. 2007).

[3] On appeal, Avina mentions the Americans with Disabilities Act of 1990 ("ADA"); however, Avina did not bring a claim under the ADA before the district court.

[4] As described above, Title VII does not prohibit discrimination because of a disability. *See supra* footnote 2. Additionally, Title VII does not prohibit age discrimination. *See Jefferies v. Harris Cnty. Cmty. Action Ass'n*, 615 F.2d 1025, 1032 (5th Cir. 1980) (noting that "Title VII provides a remedy against employment discrimination on the basis of an employee's '*race, color, religion, sex, or national*

No. 10-20677

all of Avina's claims on September 3, 2010 and entered final judgment the same day.  Avina timely appealed.

## II.  STANDARD OF REVIEW AND JURISDICTION

The district court had jurisdiction over Avina's Title VII employment discrimination claims pursuant to 28 U.S.C. § 1331.  This court has jurisdiction to review the final judgment entered by the district court under 28 U.S.C. § 1291.

We review decisions granting summary judgment de novo, applying the same standard as the district court.  *See Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007).  Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[5]  We must view all evidence in a light most favorable to the non-movant.  *Triple Tee Golf, Inc.*, 485 F.3d at 261.  However, in arguing that a genuine issue of material fact exists that precludes summary judgment, the non-movant must identify specific evidence in the record to support its position.  *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).  The non-movant cannot preclude summary judgment by raising "some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations and

---

*origin*'" (emphasis added)).  The district court dismissed Avina's age and disability discrimination claims because they were not covered by Title VII, and he failed to raise claims under the proper statutes.  Avina did not appeal this conclusion.

[5] Effective December 1, 2010, Federal Rule of Civil Procedure 56 has been amended, and the summary judgment standard is now reflected in Rule 56(a).   The amended Rule 56 contains no substantive change to the summary judgment standard.   Therefore, we cite to the amended rule.

quotation marks omitted).

## III.  DISCUSSION

Avina appeals the dismissal of his case under both Title VII and the ADA. We need not address his claims under the ADA, however, because Avina failed to plead or argue his ADA claim before the district court.  We therefore conclude that he waived any argument based on the ADA.  *See Spotts v. United States*, 613 F.3d 559, 569 (5th Cir. 2010) ("By failing to plead or otherwise [make an argument] to the district court . . . , the plaintiffs have waived this contention on appeal."); *LeMaire v. Louisiana*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").

Avina also alleges that the district court erred in granting summary judgment to Chase on his Title VII claims.  However, the only Title VII issue Avina adequately briefed was his argument that the district court erred in granting summary judgment on his sex discrimination claim. Aside from briefly mentioning his retaliation claim and his "other Title VII claims," Avina makes no arguments and cites no authority to preserve these claims; therefore, he has waived them.  *See Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 926 (5th Cir. 2008) ("Merely mentioning a claim does not constitute a supported argument or adequate briefing.").  We address the only issue Avina preserved on appeal: his claim of sex discrimination.

We apply the burden-shifting framework set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to Title VII cases alleging discriminatory treatment.  *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252 (1981).  The plaintiff has the initial burden to prove a prima

facie case of discrimination by a preponderance of the evidence. *Id.* at 252-53. If the plaintiff succeeds, the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the adverse employment action. *Id.* at 253. If the defendant can articulate such a reason, the burden shifts back to the plaintiff to show, by a preponderance of the evidence, that the defendant's reasons were merely a pretext for unlawful discrimination. *Id.* The Supreme Court cautioned, however, that "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.*

To set out a prima facie case, Avina must prove by a preponderance of the evidence that he: "(1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (internal quotation marks omitted).

The district court concluded that Avina failed to make out a prima facie case for unlawful sex discrimination because his competent summary judgment evidence could not raise a fact question as to whether he established the third or fourth elements of his prima facie case. On appeal, Avina summarily argues that he has a prima facie case for sex discrimination because the evidence shows that he was "treated significantly and substantially less favorably than comparably placed female employees in his work group" and was terminated because of his sex.

We conclude that the district court properly entered summary judgment

No. 10-20677

in favor of Chase because Avina failed to offer competent summary judgment to raise a fact question as to whether he was replaced by someone outside of the protected class (in this case, a female), or that members of the protected class were treated more favorably. *See Okoye*, 245 F.3d at 512-13. The record is devoid of evidence that Avina was replaced by a female. Similarly, Avina offered no evidence that similarly-situated co-workers outside of the protected class were treated more favorably. For example, in his deposition, Avina admitted that he did not know whether Trujillo also required female co-workers to complete their work before leaving the office to attend college classes. He also admitted that Everitt kept a folder on a female employee similar to the one she kept about Avina. Avina stated that he was merely guessing that Everitt required him to do more work than his female co-workers. Finally, when asked why he believed that Trujillo treated him differently and whether Avina thought it was because he was a man, he answered "I don't know why." Although his affidavit states that he was treated differently from his female co-workers in certain instances, he fails to establish any facts supporting this allegation other than his own subjective belief.[6] We conclude that Avina failed to raise a genuine issue of material fact concerning the fourth element of his prima facie case. Consequently, we find that the district court properly granted summary judgment in favor of Chase on Avina's Title VII sex discrimination claim.

Because we hold that Avina failed to establish a prima facie case, we need not reach Avina's argument that the district court improperly failed to consider

---

[6] To the extent that his affidavit contradicts his deposition testimony, it would not create a genuine issue of material fact. *See S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir. 1996) (concluding that a party could not use an affidavit that contradicted prior sworn deposition testimony to raise a fact issue).

No. 10-20677

his evidence that Chase's legitimate, non-discriminatory reason for firing Avina was pretextual. We note, however, that Avina does not present any evidence that he did return to work. While he stated in his affidavit that Dr. Guerra kept him out of work, the only evidence from Dr. Guerra stated a return to work date of February 5, 2007. Thus, no evidence supports his contention that the reason for his firing was pretextual.

## IV.  CONCLUSION

For the reasons set forth above, the district court's decision granting summary judgment to Chase on Avina's sex and disability discrimination claims is AFFIRMED.