# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 27, 2011

Lyle W. Cayce
Clerk

No. 10-41040
Summary Calendar

RUDOLFO L. RIVERA, M.D.

Plaintiff-Appellant

v.

ROBERTA M. KALAFUT, D.O.; MANUEL G. GUAJARDO, M.D.;
MELINDA S. FREDRICKS; PATRICIA S. BLACKWELL;
JOSE M. BENAVIDES, M.D.; JULIE K. ATTEBURY;
MICHAEL ARAMBULA, M.D.; LAWRENCE L. ANDERSON, M.D.;
CHARLES E. OSWALT, III, M.D.; MARGARET C. MCNEESE, M.D.;
DONALD PATRICK; MARI ROBINSON; IRVIN E. ZEITLER, JR., D.O.;
TIMOTHY WEBB; TIMOTHY J. TURNER; ANNETTE P. RAGGETTE;
LARRY PRICE, D.O.; MELINDA MCMICHAEL, M.D.; AMANULLAH KHAN;
PAULETTE B. SOUTHARD; DAVID GARZA, D.O.;
ANONYMOUS EXPERT REVIEWER FOR INVESTIGATION LOG 06-1873;
IRWIN SEGAL, M.D.; AARON SEGAL, M.D.; CATHLEEN PARSLEY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CV-181

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-41040

## I.

Appellant Rodulfo Rivera ("Rivera"), a physician in the state of Texas, filed suit against various defendants, including individual members of the Texas State Medical Board (the "Board"), for events relating to the revocation–or attempted revocation–of his medical license.  According to Rivera, in March 2006, a former patient filed a complaint against him with the Board.  The filing of this complaint prompted an investigation into the allegations against Rivera.  After finding Rivera no longer competent to practice medicine, the Board asked Rivera to voluntarily relinquish his license to avoid further proceedings.  Rivera declined, and the Board filed charges against him in the Texas State Office of Administrative Hearings ("SOAH").

Weeks before SOAH held a trial, Rivera filed suit against a number of defendants, asserting various constitutional claims based on these events.  The defendants fall into three general groups: (1) two private doctors; (2) the members of the Texas Medical Board ("TMB Appellees"); and (3) the Chief Administrative Law Judge of SOAH ("ALJ").  The two private doctors, Aaron Segal and Irwin Segal, filed a motion to dismiss for failure to state a claim, which the district court granted.  *See* FED. R. CIV. P. 12(b)(6).  The TMB Appellees and ALJ raised qualified immunity as a defense, and filed motions requesting a Rule 7 reply, which the district court also granted.  After Rivera filed his reply pursuant to this order, the TMB Appellees and ALJ moved to dismiss for failure to state a claim.  The district court granted both motions and dismissed.  Rivera timely appealed.  We AFFIRM.

## II.

As noted above, the defendants in this case fall into one of three general categories.  Rivera's argument raised on appeal relating to the defendants in each group will be treated in turn.

2

No. 10-41040

## A.    Appellees Aaron Segal & Irwin Segal

Rivera first argues that the district court erred by dismissing his case against Appellees Aaron Segal and Irwin Segal ("Segal Appellees"), since their pleadings allegedly failed to comply with Rule 11 of the Federal Rules of Civil Procedure.  In particular, Rivera relies upon *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S. Ct. 456 (1989), to argue that their pleadings were facially invalid because the Segal Appellees' law firm's name was listed above the signature block where their lawyer had signed the pleadings.

Rule 11 requires every pleading submitted to the court to be signed "by at least one attorney of record in the attorney's name."  FED. R. CIV. P. 11(a).  In this case, our review of the record confirms that the Segal Appellees' filings in the district court complied with Rule 11: each is electronically signed by Appellees' lead attorney and satisfies the other enumerated requirements of Rule 11.  That counsel's firm name is listed above the signature block leaves this conclusion unchanged.  While Rivera claims *Pavelic & LeFlore* suggests otherwise, that case merely held that the presence of the attorneys' signature under the firm name does not permit imposition of Rule 11 sanctions on the firm. 493 U.S. 120, 110 S. Ct. 456.  Rather, the individual attorney who signed the pleading remains the party liable for any Rule 11 sanctions.  *Id.* at 124, 110 S. Ct. at 459.  For this reason, Rivera's first point of error is meritless.

Rivera also argues that the district court erred in dismissing his claims against the Segal Appellees.  This court reviews the grant of a motion to dismiss pursuant to Rule 12(b)(6) *de novo*.  *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011).

Only two of the forty seven counts in Rivera's complaint specifically reference the Segal Appellees.[1]  These counts allege that the Segal Appellees

---

[1] Even if the Segal Appellees were implicitly charged in the other counts as well, the same analysis in this section applies to justify dismissal of all other claims against them.

provided–or encouraged Rivera's patient to provide–false information to the Board, and conspired with the Board to interfere with Rivera's medical practice. Even if the allegations are true, however, Rivera has failed to state a claim, since there are no allegations that the Segal Appellees were state actors for purposes of section 1983. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (to state a claim under section 1983, plaintiff must allege facts showing defendant was acting under color of state law). In fact, the complaint concedes that they are private medical doctors practicing in Plano, Texas, and that they were not themselves members of the Texas Medical Board. Thus, even if they provided "information to the state and press[ed] for state action" against Rivera, such allegations cannot, without more, suffice to make them liable under section 1983 as state actors. *Manax v. McNamara*, 842 F.2d 808, 813 (5th Cir. 1988). Moreover, allegations of a "conspiracy between private and state actors requires more than conclusory statements," *Priester v. Lowndes Cnty.*, 354 F.3d 414, 423 n.9 (5th Cir. 2004), which is all Rivera has provided here. Accordingly, the district court properly dismissed Rivera's claims against the Segal Appellees.

### B.     Members of Texas Medical Board

The defendants in this group are members, employees, or agents of the Texas Medical Board, and have been sued in their individual capacities on a host of constitutional grounds. The Board Appellees asserted qualified immunity as an affirmative defense, and asked the court to order Rivera to file a Rule 7 reply describing the particular conduct of each Board member that violated clearly established law. The district court granted the motion and ordered Rivera to reply. After Rivera filed his response, Appellees moved to dismiss under Rule 12(b)(6), and the district court agreed.

While Rivera's argument on appeal is not entirely clear, he appears to argue that the Board Appellees are not entitled to qualified immunity, because the Board members failed to sign their oaths of office, and thus could not have acted in their "official capacity." The district court rejected this same argument

below, holding that failure to take an oath under state law was not a basis to deny qualified immunity.

As an initial matter, Rivera's bald assertions that state officials failed to comply with Texas constitutional requirements for oath taking does not state a violation of *federal* law. *See Scott v. Fiesta Auto Ctr. of San Antonio*, 273 F.3d 1095, 2001 WL 1085192 (5th Cir. Sept. 7, 2001) (unpublished). In addition, Rivera has failed to show that such allegations defeat the Board Appellees' entitlement to qualified immunity. While Rivera cites a number of cases regarding the oaths of state *judges*, nothing in Rivera's allegations demonstrates that members of the Texas Medical Board would not qualify as *de facto* officers under state law, notwithstanding any failure to take the oath of office. *Cf. Delamora v. State*, 128 S.W.3d 344, 357-58 (Tex. App. 2004) (finding police officer to qualify as a *de facto* officer, even though no official oath had been taken or filed in the relevant period). Rivera has thus failed to carry his burden to overcome Board Appellees' qualified immunity defense. *See Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989).

In addition, Rivera's argument that the Board Appellees violated the Bill of Attainder Clause is meritless. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468, 97 S. Ct. 2777, 2803 (1977). Rivera sued the Board Appellees in their individual capacities. Appellees, as individuals, could not have "legislatively determine[d] guilt and inflict[ed] punishment." *Id.* Consequently, even if this claim were otherwise valid, it could have been levied only against the Board itself.

## C.    Chief Administrative Law Judge Cathleen Parsley

Finally, Rivera raises a number of claims against Appellee Cathleen Parsley, who was the Chief Administrative Law Judge of SOAH during Rivera's hearing before the Board. In the district court, Appellee Parsley raised the

affirmative defenses of absolute and qualified immunity for claims arising from any "adjudicative, prosecutorial, or administrative functions performed by her." Parsley then moved for a Rule 7 reply, which the district court granted. Rivera responded by arguing that Parsley is not entitled to qualified immunity "because she acted beyond the general scope of her jurisdiction as Chief ALJ." In particular, Rivera asserted that Parsley applied–or allowed other ALJs to apply–an incorrect standard of proof in the administrative proceeding, and that she appointed an ALJ who had not signed an oath of office to hear his case. After Rivera filed and served this response, Parsley filed a Rule 12(b)(6) motion to dismiss, arguing that Rivera's Rule 7 reply failed to cure the defects in his complaint. The district court granted the motion and dismissed, finding that "none of the facts alleged pertain to any actions taken by Parsley outside of her official capacity as Chief ALJ." Accordingly, Rivera failed to show that Parsley was not entitled to qualified immunity in this case.

On appeal, Rivera's brief only references Parsley once,[2] in the conclusion, asserting that she "cannot claim qualified immunity in that the actions she is charged with were administrative in nature and not judicial." Rivera provides no basis for holding that qualified immunity is applicable only to officers engaging in judicial acts. Nor could he. *See, e.g.*, *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 398 (5th Cir. 2000) (granting *deputy sheriff* qualified immunity). We thus find this aspect of argument unavailing.

In addition, to the extent Rivera intended to make additional arguments, they are waived. While this court liberally construes briefs of *pro se* litigants,

---

[2] Rivera's brief does elsewhere allude to "an Administrative Law Judge," presumably Parsley, and state that qualified immunity "cannot be applied as a defense because [she] acted outside the scope of [her] authority and jurisdiction by committing Constitutional violations against Rivera." Even if true, this does not prove Parsley would not be entitled to qualified immunity, however, since an official may still be entitled to qualified immunity if the conduct's unconstitutionality were not clearly established. *Cf. Wallace v. Cnty. of Comal*, 400 F.3d 284, 289 (5th Cir. 2005) (noting that in qualified immunity cases, the "court must decide whether the plaintiffs' allegations, if true, establish a violation of a clearly established right").

No. 10-41040

*pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28 in order to preserve their arguments on appeal. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). In this case, any other arguments relating to Parsley are waived for failure to adequately brief them. *Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 927 (5th Cir. 2008).

## III.

For these reasons, the judgment of the district court is **AFFIRMED**.