# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50041
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 9, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jerry Don South,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-262-1

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant Jerry South appeals his within-Guidelines sentence, arguing that the district court failed to meet its statutory obligation to "state in open court the reasons for" imposing the sentence consecutive to—as

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

opposed to concurrent with—any sentence that may result from six pending state court proceedings.[1]  18 U.S.C. § 3553(c).

A district court should explain its rationale for imposing a consecutive sentence.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009).  Nevertheless, because South did not preserve his argument below,[2] he may not obtain relief unless he can demonstrate that his substantial rights were affected by the district court's error.  *United States v. Coto-Mendoza*, 986 F.3d 583, 585 (5th Cir. 2021).  "To show that an error affects a defendant's substantial rights, the defendant must show that it affected the outcome in the district court."  *Mondragon-Santiago*, 564 F.3d at 364.  That showing is especially difficult when, as here, a defendant seeks invalidation of a sentence that falls within the Guidelines range.  In such cases we presume that the district court "considered all the factors for a fair sentence set forth in the Guidelines."  *Id.* at 365 (quoting *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008)).

South has not put forward any reason to think that his sentence would have been different if the district court had explained its decision to impose a concurrent sentence.  Thus, he has not demonstrated that the district

---

[1] South also challenges the substantive reasonableness of his sentence. But he does not mount any argument in support of that challenge. The issue is therefore forfeited. *Sanders v. Unum Life Ins. Co. of America*, 553 F.3d 922, 926 (5th Cir. 2008) ("Merely mentioning a claim does not constitute a supported argument or adequate briefing.").

[2] After sentencing, South objected to "the fair and reasonableness of the sentence in light of the denial of our three objections."  Those three objections all related to the calculation of South's Guideline range.  Thus, South did not alert the district court to the putative inadequacy of his explanation for imposing a consecutive sentence. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (explaining that "[a] party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review.") (internal quotation marks omitted).

No. 22-50041

court's failure to do so burdened his substantial rights. *Compare id.* (affirming on plain-error review because the defendant's "sentence [was] within the Guidelines, and he fail[ed] to show that an explanation would have changed his sentence").

AFFIRMED.