# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60871
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2016

Lyle W. Cayce
Clerk

YANPING LIU,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 843 319

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Petitioner Yanping Liu, a native and citizen of the People's Republic of China, has petitioned for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In affirming the denial of relief, the BIA upheld the IJ's findings that Liu was not credible because of inconsistencies and omissions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in her testimony and her asylum application, and because she failed to provide reasonably available corroborating evidence.

Liu contends that the adverse credibility determination was erroneous because it was premised on the finding that she gave additional and more detailed information in her testimony than she provided in her written asylum application. Liu also claims that many of the omissions and inconsistencies that the IJ and BIA found were "minor" or had nothing to do with the merits of her claims of past or future persecution. Finally, Liu insists that the IJ committed error by not providing her with advance notice that she would be required to offer corroborating evidence in support of her claims.

We review the order of the BIA, and we will consider the underlying decision of the IJ to the extent it was relied on by the BIA. *Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007). Here, the BIA's decision regarding asylum, withholding of removal, and CAT relief was based primarily on its affirmance of the IJ's adverse credibility finding. On review, we will defer to a credibility ruling "unless, from the totality of the circumstances, it is plain that no reasonable fact finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted). The IJ may rely on *any* inconsistency or omission in making an adverse credibility determination so long as the totality of the circumstances shows that the asylum applicant is not credible. *Id.*

The differences between Liu's testimony and her written asylum application constituted inconsistencies or omissions that support the IJ's adverse credibility finding based on the totality of the circumstances. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); 8 U.S.C. § 1231(b)(3)(C); *Wang*, 569 F.3d at 538. In this case, BIA relied on five such inconsistencies or omissions in upholding the IJ's ruling. That those inconsistences or omissions might have been minor or

irrelevant to whether Liu suffered past persecution or was likely to suffer future persecution is of no moment. The IJ may rely on any inconsistency or omission in making a credibility determination, even if it does not go "to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii).    In addition to the inconsistencies and omissions, the IJ found Liu's testimony to be vague, sparse, lacking in detail and non-responsive. When combined with the fact that, based on a totality of the circumstances, Liu offered only scant evidence to corroborate her testimony, we cannot say that no reasonable factfinder could disbelieve Liu's testimony or that the evidence compels a conclusion that she was credible. *Wang*, 569 F.3d at 538.

Citing *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), Liu claims that the IJ committed error because he did not give her notice that she was required to offer evidence to corroborate her claims. As a preliminary matter, Liu did not specifically raise this claim before the BIA, so we lack jurisdiction to address it. *See* § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (alien's failure to exhaust administrative remedies is a jurisdictional bar to our consideration of the issue).    Additionally, the IJ's adverse credibility determination was not based solely on Liu's failure to produce corroborating evidence. It was also based on the inconsistencies and omissions noted by the IJ and the BIA and on the IJ's assessment of Liu's demeanor and the overall tenor of her testimony. Her contention is further belied by her testimony that she knew she was required to provide corroborating evidence because her previous attorney told her as much. Finally, Section 208(b)(1)(B)(ii) of the REAL ID Act, which governs the burden of proof in asylum proceedings, clearly contemplates that corroborating evidence might be required, putting Liu on notice of the consequences of failing to adduce corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii).

No. 14-60871

We review the BIA's factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard. *Wang*, 569 F.3d at 537.  In light of the adverse credibility finding against Liu, she has not shown that the BIA's denial of asylum was unsupported by substantial evidence.  Because Liu's asylum claim fails, her withholding of removal claim must also fail.  *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); *Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994).  Moreover, because Liu fails to brief any challenge to the BIA's denial of her CAT claim meaningfully, she has waived any such challenge. *Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 926-27 (5th Cir. 2008).

The petition for review is DISMISSED in part and DENIED in part.