# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60488
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2019

Lyle W. Cayce
Clerk

MARIA MAGDALENA MARROQUIN-ALMENGON,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 381 485

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Maria Magdalena Marroquin-Almengon, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the order of the Immigration Judge (IJ) denying her claims for asylum and withholding of removal. To the extent that the BIA relied upon the IJ's decision, we may review the decisions of both the BIA and the IJ. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60488

We review for substantial evidence the determination that Marroquin-Almengon is not credible, and we may not reverse unless the record evidence compels us to do so. *See Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009). The BIA "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Id.* at 538 (internal quotation marks and citation omitted). As Marroquin-Almengon's challenges to the adverse credibility determination are largely conclusory, and since she does not meaningfully address several of the inconsistencies cited by the BIA— including that her application for asylum and withholding of removal does not mention the sexual abuse and attempted rape described in her testimony—she fails to show that the adverse credibility finding is unsupported by substantial evidence. *See id.* at 536-37.

Marroquin-Almengon next asserts that the IJ violated her due process rights. While we review de novo Marroquin-Almengon's claim that the IJ violated her due process rights, she must show substantial prejudice in order to prevail. *See Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012).

Citing, inter alia, 8 U.S.C. § 1158(b)(1)(B)(ii), and *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), Marroquin-Almengon argues that she did not receive sufficient notice that she would need to present corroborative evidence and that the IJ erred by failing to continue her hearing after the adverse credibility determination so that she would have the opportunity to collect and present such evidence. The BIA rejected Marroquin-Almengon's argument, citing, inter alia, § 1158(b)(1)(B)(ii). Section 1158(b)(1)(B)(ii) provides, in relevant part:

> In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines

2

that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

In *Liu v. Lynch*, 644 F. App'x 301, 303 (5th Cir. 2016), the petitioner, Yanping Liu (Liu), raised a claim based upon *Ren* that was very similar to the argument now raised by Marroquin-Almengon.  Although this court observed that Liu had failed to exhaust the claim, we alternatively rejected it because, among other things, "the IJ's adverse credibility determination was not based solely on Liu's failure to produce corroborating evidence. It was also based on the inconsistencies and omissions noted by the IJ and the BIA and on the IJ's assessment of Liu's demeanor and the overall tenor of her testimony." *Id.*  As in *Liu*, the IJ and BIA in the instant case did not base the adverse credibility determination solely upon Marroquin-Almengon's failure to present corroborating evidence; rather, the determination was based primarily on the inconsistencies discussed above and also took into account Marroquin-Almengon's demeanor.  Additionally, this court in *Liu* reasoned that § 1158(b)(1)(B)(ii) "clearly contemplates that corroborating evidence might be required, putting Liu on notice of the consequences of failing to adduce corroborating evidence." *Liu*, 644 F. App'x at 303.  Although *Liu* is unpublished and thus not binding, we find it persuasive. *See* 5TH CIR. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

Moreover, the Ninth Circuit's opinion in *Ren* does not support the proposition that Marroquin-Almengon was entitled to additional notice. Rather, the Ninth Circuit held only that an IJ must give an applicant notice of any corroborative evidence required when the applicant has testified credibly, but her credible testimony is not sufficient to satisfy her burden fully. *See Ren*, 648 F.3d at 1091-1093.  Marroquin-Almengon was found by the IJ to be not

credible, rendering the Ninth Circuit's holding inapposite.  She therefore fails to show that the BIA erred by dismissing her due process claim.  *See Bouchikhi*, 676 F.3d at 180.

In challenging the denials of asylum and withholding of removal, Marroquin-Almengon must show that those denials are unsupported by substantial evidence.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Because Marroquin-Almengon submitted no evidence beyond her own unsubstantiated assertions to show either that she has suffered past persecution or that she has a well-founded fear of future persecution, she fails to show that she is entitled to asylum.  *See id.*  This failure necessarily dooms her challenge to the denial of withholding of removal.  *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

The petition for review is DENIED.